IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION | MDL No. 3026<br><br>Master Docket No. 1:22–cv–00071 |
| This Document Relates to:<br><br>*Ericka Mar, et al. v. Abbott Laboratories,* Case No. 1:22-cv-00232 | Hon. Rebecca R. Pallmeyer |

**ABBOTT'S MOTION TO CLARIFY THE PROCESS FOR PRESENTATION OF EVIDENCE THAT MIGHT IMPLICATE ITS FIRST AMENDMENT RIGHTS**

Abbott files this motion to clarify the process relating to evidence implicating its First Amendment rights. Abbott and Plaintiff agree: "[O]bviously [Abbott] has *Noerr-Pennington* rights," so "the fact that [Abbott] sought to petition the government for relief" should not be admitted at trial and thus is "out." April 17, 2025 Hr'g Tr. 60:14–25 (Plaintiff's counsel). But Plaintiff's counsel has nevertheless said he may refer to constitutionally protected activity during trial by asking witnesses about it "on the fly" (*id*. at 53:5–14), apparently to imply that Abbott "***might have*** influenced the outcome" of the Working Group Report (*id*. at 61:1 (emphasis added)). And Plaintiff's exhibit list includes documents that refer to Abbott's legislative lobbying efforts, among other things. *See, e.g.*, PX 443 (materials obtained from HHS through FOIA). Allowing Plaintiff to explore "on the fly" her theory of government influence—which has no basis in fact—would pose a risk of tremendous prejudice. Accordingly, Abbott seeks an order requiring Plaintiff to ***preview*** with the Court any evidence about government interactions in advance and articulate what possible relevance it might have—and why that relevance outweighs the obvious unfair prejudice.

1

The reality is that Abbott had ***no influence whatsoever*** on the outcome of the Working Group's investigation. To be sure, Abbott communicates regularly with regulatory agencies like the FDA, which is responsible for regulating all infant formula products in the United States. Abbott has also communicated openly with government officials about its business, including about its concerns that this litigation threatens the ability of NICUs to access a product that is essential to the care of preterm infants. But it was ***not*** involved in the creation or contents of the Working Group Report or the FDA/CDC/NIH Consensus Statement.

Plaintiff cannot be permitted to suggest anything untoward about Abbott's interactions with the government, which have no relevance to any element of her claims. Under the First Amendment and the *Noerr-Pennington* doctrine, absent specific and narrow exceptions not applicable here, Abbott has an absolute and unqualified right "to petition the Government" and communicate with its regulators about its concerns. U.S. Const. amend. I; *see Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965); *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *see also New West, L.P. v. City of Joliet*, 491 F.3d 717, 722 (7th Cir. 2007) ("*Noerr-Pennington* has been extended beyond the antitrust laws, where it originated, and is today understood as an application of the first amendment's speech and petitioning clauses."). As Plaintiff concedes, "obviously [Abbott] has *Noerr-Pennington* rights," so "the fact that [Abbott] actually talked to the government" is "out." April 17, 2025 Hr'g Tr. 60:16–25. The Court should enter an order to that effect.

But evidently, Plaintiff still plans to use Abbott's petitioning activity to suggest—by "implication"—that Abbott "tried to influence the outcome" of the Working Group Report. *Id.* at 60:18–61:1. This is nothing but baseless innuendo, and at a minimum it is far too speculative

to be allowed before the jury, particularly given its obvious prejudice. Interactions with the White House, regulators, or legislators about the long-term availability of preterm formula cannot possibly show influence over the conclusions reached by a government-commissioned panel of independent experts. And any effort to prove Plaintiff's "implication" by pointing to those protected communications would necessarily and improperly impugn Abbott's exercise of its First Amendment right to petition the government.

      This issue needs careful policing. That will be a difficult task if Abbott and the Court do not know when and how Plaintiff plans to establish her promised "implication" at trial. And proceeding that way would lead to frequent interruptions of Plaintiff's case for objections and sidebars and would make it likely (if not inevitable) that the jury will hear something it shouldn't. To minimize such disruptions and ensure that there is no bell that cannot be unrung, the Court should require Plaintiff's counsel to ***preview*** (and lay a foundation for) any evidence and questioning meant to show that Abbott somehow influenced the outcome of the Working Group Report.

Dated: April 25, 2025 

Respectfully submitted,

 /s/ Linda T. Coberly
Stephen V. D'Amore
Linda T. Coberly
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
sdamore@winston.com
lcoberly@winston.com

James F. Hurst, P.C.
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
(312) 862-5230
James.hurst@kirkland.com

Edward M. Carter (admitted *pro hac vice*)
**JONES DAY**
325 John H. McConnell Boulevard
Columbus, OH 43215
(614)281-3906
emcarter@jonesday.com

*Counsel for Defendant Abbott Laboratories*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon counsel of record on April 25, 2025 via the Court's electronic filing system.

*/s/ Linda T. Coberly*
*Counsel for Defendant Abbott Laboratories*