**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION | MDL NO. 3026<br><br>Master Docket No. 22 C 00071 |
| This Document Relates to:<br><br>*Mar v. Abbott Laboratories*<br>Case No. 22 C 00232 | Hon. Rebecca R. Pallmeyer |

**ORDER**

The parties are directed, before the close of business on Thursday May 1, 2025, to identify record citations concerning the matters identified in this order.

**STATEMENT**

Plaintiff Ericka Mar's infant daughter RaiLee died after ingesting a cow's-milk-based formula manufactured by Defendant Abbott Laboratories. Ms. Mar alleges that the formula caused Plaintiff to develop the necrotizing enterocolitis ("NEC") that resulted in her death. She seeks to hold Abbott liable under design defect and failure-to-warn theories.

Defendant Abbott's motion for summary judgment is pending before the court in this case, now set for jury trial on May 12, 2025. Abbott seeks judgment in its favor on the design defect and failure-to-warn claims, and the court is preparing its ruling on that motion. West Virginia law requires that, to prove her design defect claims, Plaintiff must offer evidence of an alternative, feasible design to Defendant's product. Plaintiff's only argument on this score is that Prolacta, a human-milk derived product manufactured by Prolacta Biosciences, was a feasible alternative design for Abbott's cow's-milk-based formula.

The court is aware, from reviewing Prolacta's marketing materials, that Prolacta was available as infant formula at least in September 2014, nine months after Baby Railee's short life. September 2014 Prolacta Press Release, https://www.prolacta.com/en/news/prolact-rtf-100-human-milk-based-premature-infant-formula-for-nicus/ (last accessed April 30, 2025). The court understands, further, that Prolacta manufactured a fortifier product at some earlier point. (Pl.'s Opp'n to Summ. J. [51] in No. 22 C 232 at 11.) The record leaves other questions unanswered, and asks counsel to identify portions of the existing record that would shed light on these issues: Which of these products does Plaintiff believe is an alternative, feasible design (the fortifier or the formula)? How is Prolacta manufactured? Does it require the availability of donor milk? What evidence is there about Abbott's capacity to manufacture a Prolacta-like product? How does Plaintiff respond to Abbott's argument that expert testimony is required to establish that such a product could be produced in 2013 at scale?

      The court recognizes the need for a prompt ruling on the summary judgment motion and invites the parties to submit, no later than 5:00 p.m. on May 1, 2025, supplemental materials that identify record evidence on these issues.

ENTER:

April 30, 2025

_____
REBECCA R. PALLMEYER
United States District Judge