# EXHIBIT 1

```
                                                                             1

  1                       IN THE UNITED STATES DISTRICT COURT
                              NORTHERN DISTRICT OF ILLINOIS
  2                                 EASTERN DIVISION

  3    IN RE: ABBOTT LABORATORIES, ET    ) MDL No. 3026
       AL., PRETERM INFANT NUTRITION     )
  4    PRODUCTS LIABILITY LITIGATION     ) Master Docket No. 22 C 71
                                         )
  5    ------------------------------    )
                                         )
  6    ERICKA MAR, AS ADMINISTRATRIX     )
       OF THE ESTATE OF RAILEE MAR,      ) Case No. 22 C 232
  7                                      )
                        Plaintiff,       )
  8         v.                           )
                                         )
  9    ABBOTT LABORATORIES,              ) Chicago, Illinois
                                         ) April 17, 2025
 10                     Defendant.       ) 9:08 a.m.

 11

 12            TRANSCRIPT OF PROCEEDINGS - PRETRIAL CONFERENCE
                  BEFORE THE HONORABLE REBECCA R. PALLMEYER
 13

 14    APPEARANCES:

 15    For the Plaintiff:     JOHNSON BECKER PLLP
                              BY:  TIMOTHY J. BECKER
 16                                OLIVIA BERGERT
                              444 Cedar Street, Suite 1800
 17                           St. Paul, Minnesota 55101

 18                           LEVIN PAPANTONIO RAFFERTY
                              BY:  CHARLES ANDREW CHILDERS
 19                                SARA TAIT PAPANTONIO
                              316 S. Baylen Street, Suite 600
 20                           Pensacola, Florida 32502

 21                           PEIFFER WOLF CARR KANE CONWAY
                              & WISE, LLP
 22                           BY:  MEGAN PARKER
                              6370 Som Center Road, Suite 108
 23                           Cleveland, Ohio 44139

 24                           DiCELLO LEVITT LLP
                              BY: JE YON JUNG
 25                           505 20th Street North, Suite 1500
                              Birmingham, Alabama 35203
```

1   think we're not intending to place them on the verdict form.

2          MR. CHILDERS:  Or to argue that someone else was at

3   fault for the injury.  That's kind of it.

4          MS. HUDSON:  Sorry, I'll step up for one second.  It's

5   Anne Hudson on behalf of Abbott.

6          Just to be clear, are we in agreement that Abbott

7   isn't seeking to blame or place fault on any nonparty, but

8   evidence that could be related to an argument that, again,

9   Abbott doesn't intend to make, but evidence related to the

10  treatment she received in the NICU and evidence regarding that

11  treatment is undeniably relevant to the case?  It seems like

12  we're in agreement, as long as it's not about an argument that

13  anyone else is at fault, we're seeking to apportion blame on

14  the verdict form, which Abbott is not intending to do.

15         MR. CHILDERS:  Yes, Your Honor.

16         THE COURT:  That's fine.  Okay.  That's great.

17         We're going to turn then to Number 7, which is to

18  exclude evidence of the July 2024 inspection of LSU's Health

19  Science Center.

20         MS. PAPANTONIO:  That would be me again, Your Honor.

21         THE COURT:  Yes.

22         MS. PAPANTONIO:  Okay.  So Plaintiff seeks to exclude

23  evidence of that USDA report, inspection that occurred in 2024,

24  Your Honor.  And in order to provide context to why we want to

25  exclude it, I need to back up and talk about Randy Buddington,

1  because Dr. Randy Buddington is a fact witness that Plaintiff
2  intends to call in its case in chief.
3  　　　　　Now who is Randy Buddington?  Randy Buddington is a
4  research scientist who worked at the University of Memphis.  He
5  had a lab there where he would test preterm piglets, the
6  preterm model we heard so much today and in Daubert.
7  Buddington would have a lab where he'd test piglets.
8  　　　　　Now in 2009, Abbott actually hired, sought out Randy
9  Buddington to perform tests using Abbott's formula on that
10  preterm piglet model, which then the hope was that they could
11  extrapolate from those tests on how the preterm piglet model
12  with formula will interplay and interact with preterm infants.
13  That's why we use the preterm piglet models, to see how formula
14  ingredients interact with the piglet model and then hope to
15  know how they act with the preterm infant.
16  　　　　　THE COURT:  Right.
17  　　　　　MS. PAPANTONIO:  One of the ingredients that
18  Dr. Buddington was studying was a carbohydrate called
19  maltodextrin, which you've heard about in Daubert, which we've
20  talked about extensively.
21  　　　　　What Dr. Buddington found was preterm piglets, when
22  exposed to maltodextrin, experienced necrotizing enterocolitis
23  at a higher rate, so they had an increased risk of NEC.  Now
24  that study was published in 2018.  So for this period of time
25  Abbott has hired Randy Buddington, he's conducting the preterm

1  piglet model, and that's what we intend for him to testify to
2  when he takes the stand.
3       This USDA report is a report that occurred at the
4  Louisiana State University, so LSU, in 2024.  This is now
5  15 years later after the facts at issue that we're discussing.
6  And what that report says is it's an inspection report which
7  highlights a few various violations of that LSU facility.
8       Now just to bring you back to context, Randy
9  Buddington is working at the University of Memphis at the time
10 where he's working with Abbott.  This inspection report
11 15 years later is LSU.  So we are seeking to exclude this
12 report based on the fact that it will confuse the issues.  It's
13 not relevant here temporally.  It is so far removed from the
14 facts at issue, that we just ask that you exclude that report.
15      THE COURT:  Response?  Already seen your written
16 response, but I'd like to hear from counsel.
17      MS. ELIZABETH:  Thank you, Your Honor.  Sierra
18 Elizabeth for Abbott.
19      The direct response is that this motion is premature.
20 What I just heard from Plaintiff's counsel is what I would
21 consider expert testimony.  Dr. Buddington was not disclosed as
22 an expert in this case.  Even on the plaintiff's witness list
23 that they've since sent over to us, he's described as a
24 research scientist.  His studies regarding what ingredients
25 should be put in our preterm formula and what his thoughts are

1 about the ingredients that currently exist is expert testimony.

2 So I think the first step, Your Honor, is to -- we
3 would file a motion to exclude him as an undisclosed expert.
4 I've heard to date no explanation as to what fact testimony he
5 would offer. To the extent that they come up with something,
6 we think everything we've heard to date would be hearsay or
7 otherwise inadmissible.

8 So before we get to the 2024 USDA report, which would
9 be used on cross-examination, we need to determine whether this
10 witness should appear at all, which we don't believe he should.

11 THE COURT: It does sound like expert testimony to me.
12 What's your response to that?

13 MS. PAPANTONIO: Yes, Your Honor.

14 To be abundantly clear, we don't intend for
15 Dr. Buddington to offer any expert opinions. He's merely going
16 to be testifying to the facts that which he worked for Abbott
17 Laboratories. He will be making no opinion as to whether
18 maltodextrin causes NEC in the piglet model. He's only talking
19 about the factual scenarios of him working with Abbott, his
20 experience working with Abbott, and the process of conducting
21 that study. There will be no factual opinion testimony.

22 MS. ELIZABETH: The study has conclusions, Your Honor,
23 and it deals with scientific principles that he will of course
24 try to extract. He's been disclosed as an expert previously
25 twice. I don't understand how he can get on the stand and talk

1   about the same things he talked about as an expert in two cases
2   and now talk about it as a fact witness in a third case.
3              MR. BECKER:  Your Honor, just a few minutes on this.
4              So I get the fact that there's parallel state court
5   litigation, but Defendants like to conflate it when it's
6   convenient for them and when it's not.  He was disclosed in one
7   of the cases as a fact expert and another case he was disclosed
8   as a fact -- I'm sorry, as an expert.  In another case, he was
9   disclosed as a fact witness.  And the reason for that is --
10             MS. ELIZABETH:  That's not true.
11             MR. BECKER:  That is true.
12             And they did not call him as an expert in that case.
13  And the reason for that is this:  He has a factual history with
14  them where he entered into a contract with them to conduct a
15  specific set of research for them.  Number two, he did that
16  research and the research rendered certain results.
17             Number three, the results were then published in an
18  article that Abbott precluded him, under our theory, from
19  putting in the public literature because they held his feet to
20  the fire for an NDA.
21             He's going to testify, I had a contract with them,
22  this is what they asked me to do, I did the work, here were the
23  results, I published this article five years later after
24  expiration of my NDA.  He's not going to go into, I believe
25  maltodextrin is the cause of Abbott -- of NEC.  He's just

1  simply going to report the facts that he observed as an
2  independent researcher for Abbott. We are not soliciting
3  opinion testimony from him.
4      MS. ELIZABETH: Your Honor, I think this probably
5  needs to be briefed and written to you, because I think what
6  counsel just explained are all events that happened in 2018 and
7  2020, years after the plaintiff in this case got NEC. And,
8  again, Dr. Buddington was disclosed as an expert in both cases.
9  He did delve into fact testimony that we believe was
10 inappropriate, which is why we would want to brief whether he
11 can testify as a fact witness at all.
12     THE COURT: Okay. I'll allow you to brief it.
13     What Mr. Becker just described his testimony would be,
14 apart from the date issue, what he's just described was I think
15 fact testimony. Again, apart from the date issue, which might
16 be an independent basis to object to it, I think it's -- again,
17 I'll take any additional briefs you want to submit, but it
18 sounds like it's admissible.
19     MS. ELIZABETH: Thank you, Your Honor.
20     THE COURT: Okay. Number 8 is to exclude evidence of
21 Plaintiff's marijuana use. And I understand -- well, I want to
22 hear from --
23     MS. BERGERT: Yes, Your Honor. This is a two-part
24 argument. The first part, I think that the defense and the
25 plaintiffs sort of agree to the fact that marijuana use before